IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD G. ADAMS, SR. a/k/a § | |
| RICHARD ADAMS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-2598-D |
| VS. § | |
| § | |
| CEDAR HILL INDEPENDENT § | |
| SCHOOL DISTRICT a/k/a CHISD, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Cedar Hill Independent School District ("CHISD") moves under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff's claims of age discrimination, race discrimination, hostile work environment, retaliation, mental abuse, defamation, and wrongful termination.[1]  It also moves to dismiss parts of plaintiff's damages claims.  For the reasons that follow, the court grants the motion but also grants plaintiff leave to replead certain claims.

I

To decide the instant motion, the court need not recount the background facts at length.  Plaintiff Richard G. Adams, Sr. ("Adams") is a 51-year old[2] African-American who

---

[1]CHISD's partial motion to dismiss also included a motion for more definite statement pursuant to Rule 12(e) that was later withdrawn.

[2]At the time the complaint was filed, Adams was 51 years old

was employed as a CHISD police officer before being terminated. He alleges that CHISD discriminated against him during his employment, terminated him for discriminatory reasons, and failed to consider him for several positions when he re-applied after being terminated. Adams alleges claims against CHISD for age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"),[3] Tex. Labor Code Ann. § 21.001 *et seq.* (West 2006); race discrimination, in violation of Title VII and the TCHRA; hostile work environment, in violation of the ADEA, Title VII, and the TCHRA; retaliation, in violation of the ADEA, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.§ 201 *et seq.*, Title VII, and the TCHRA; mental abuse, under Texas law; defamation, under Texas law; wrongful termination, in violation of the ADEA, the FLSA, Title VII, and the TCHRA; and unpaid regular and overtime wage violations under the FLSA.[4]

---

[3]As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights. In 2004, the 'powers and duties' of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id.* at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet.) (not designated for publication)). As in *King*, the court for clarity will refer to this claim as brought under the TCHRA.

[4]CHISD notes in its motion that it is not moving to dismiss the retaliation claim under the FLSA (count 4) and the claim for unpaid regular and overtime wages arising from alleged violations of the FLSA (count 8). *See* D. Mot. 3 n.2. CHISD does, however, challenge whether Adams can recover the damages he seeks under the FLSA. The court discusses this issue *infra* at § VII.

- 2 -

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive CHISD's motion to dismiss under Rule 12(b)(6), Adams must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the

- 3 -

mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citation omitted).

### III

The court first considers Adams' claims under the ADEA and Title VII: age discrimination, in violation of the ADEA and Title VII[5] (count 1); race discrimination, in violation of Title VII (count 2); hostile work environment, in violation of the ADEA and Title VII (count 3); retaliation, in violation of the ADEA and Title VII (count 4); and wrongful termination, in violation of the ADEA and Title VII (count 7).

### A

CHISD moves to dismiss these claims as time-barred, contending that Adams did not timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "'successful affirmative defense [must] appear[] clearly on the face of the pleadings.'" *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (alterations added) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

---

[5]The court notes that Title VII does not protect against age discrimination. *See* 42 U.S.C. § 2000e-2(a) (providing that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.").  Therefore, Adams' reliance on Title VII as a basis to allege age discrimination is misplaced.

In other words, CHISD is not entitled to dismissal under Rule 12(b)(6) unless Adams "'has pleaded [him]self out of court by admitting to all of the elements of the defense.'" *Id.* (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)).  In the present case, Adams does not dispute the factual predicate for CHISD's contention; rather, he asserts that his pursuit of an internal grievance "[began] his path to exhaust administrative remedies" and that "this tolled all other time lines, including any other administrative remedies."  P. Resp. 2.  Accordingly, unless Adams has pleaded a plausible basis for applying an equitable doctrine such as tolling, he has pleaded himself out of court as to these claims by admitting to all of the elements of the limitations defense.

B

In deferral states[6] such as Texas, an aggrieved party must file an EEOC charge within 300 days after the alleged unlawful practice occurred.  *See* 42 U.S.C. § 2000e-5(e) (Title VII claim); 29 U.S.C. § 626(d)(2) (ADEA claim); *see also Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987); *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988). The 300-day filing period is not jurisdictional, but rather is more akin to and operates as a limitations period.  *E.g., Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988); *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir. 1986).  The period commences on

---

[6]A deferral state is one in which (1) a state law prohibiting discrimination in employment is in effect and (2) a state authority has been set up to grant or seek relief from such discriminatory practice.  *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987) (Title VII claim); *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 n.1 (5th Cir. 1988) (ADEA claim).

the date the alleged unlawful practice occurred. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989) (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)); *Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989).

"In determining when a limitations period accrues in a discrimination case, the 'proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts become most painful.'" *Selby v. Revlon Consumer Prods. Corp.*, 1998 WL 101903, at *2 (N.D. Tex. Feb. 26, 1998) (Fitzwater, J.) (quoting *Del. State Coll.*, 449 U.S. at 258). "To decide when the employer notified the employee, the court uses an objective standard that 'focus[es] upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made.'" *Id.* (quoting *Clark*, 854 F.2d at 765). "For Title VII claims based on an employee's termination, the 300-day statute of limitations period for filing a discrimination charge with the EEOC begins to run at the time of termination, which is viewed as a discrete act of discrimination." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Del. State Coll.*, 449 U.S. at 250).

The "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "Courts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly." *Id.* at 113-14 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)). The Fifth Circuit has identified three possible bases for tolling under this exception: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of facts giving rise to the claim because of defendant's

- 6 -

intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of his rights. *Blumberg*, 848 F.2d at 644 (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979)).

C

According to Adams' complaint, he was terminated on June 4, 2012. He filed his charge with the EEOC on April 12, 2013, more than 300 days after being terminated.[7] Assuming *arguendo* that CHISD's failure to consider Adams for a lieutenant position constituted a discrete act of discrimination, the event occurred on June 10, 2012, which was also outside the 300-day limitations period. *See* D. App. 2.[8] In his response, Adams does not dispute these facts. Instead, he argues—without citing legal authority—that his pursuit of an internal grievance with CHISD tolled the statute of limitations under Title VII and the ADEA. The court disagrees.

The pendency of an internal grievance does not generally toll the limitations period under either Title VII or the ADEA. *See Odaiyappa v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 32 F.3d 565, 565 (5th Cir. 1994) (per curiam); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991); *see also Del. State Coll.*, 449 U.S. at 261 (noting that "the pendency of a grievance, or some other method of collateral review of

---

[7]Adams also alleges that the EEOC mailed his notice of his right-to-sue letter on the same day. Compl. ¶ 55.

[8]It is settled that the court may review the EEOC charge if attached to defendant's motion to dismiss. *See, e.g., Carter v. Target Corp.*, ___ Fed. Appx. ___, 2013 WL 5509164, at *2 (5th Cir. Oct. 4, 2013) (per curiam).

an employment decision, does not toll the running of the limitations periods"). Adams neither cites other grounds to support his tolling argument nor attempts to show that any of the three bases identified by the Fifth Circuit in *Blumberg* applies to this case. Accordingly, the court holds that CHISD's limitations defense appears clearly on the face of Adams' complaint and that his claims under the ADEA and Title VII must be dismissed as time-barred.[9]

IV

The court next considers Adams' claims under the TCHRA: age discrimination (count 1), race discrimination (count 2), hostile work environment (count 3), retaliation (count 4), and wrongful termination (count 7).

A

CHISD maintains that the court lacks subject matter jurisdiction over these claims because Adams failed to exhaust his administrative remedies with the Texas Workforce Commission ("TWC") before filing suit. CHISD contends that Adams did not timely file a notice of discrimination with the TWC within the 180-day limitations period. Adams does not specifically respond to this argument; instead, he relies on the same assertion discussed above that his pursuit of an internal grievance tolled the limitations period.

_____

[9]Because the court is holding that Adams' hostile work environment claim is barred by the relevant limitations periods under Title VII, the ADEA, and the TCHRA, *see infra* § IV, it need not reach CHISD's alternative argument that the claim is barred because it was not included in Adams' EEOC charge. For the same reason, the court need not reach CHISD's alternative argument that Adams has failed to state a disparate impact race discrimination claim on which relief can be granted.

B

Before suing an employer under the TCHRA, an aggrieved employee must first exhaust his administrative remedies by filing a complaint with the TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Lab. Code Ann. § 21.202(a) (West 2006); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010) ("*USAA*"). This 180-day time limit is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 487-88.[10]  In other words, a plaintiff's failure to file a complaint within the 180-day period is a failure to exhaust administrative remedies that deprives the court of subject matter jurisdiction. *Lamar Univ. v. Jordan*, 2011 WL 550089, at *2 (Tex.

---

[10]In *USAA* the Supreme Court of Texas held that the two-year statute of limitations for filing suit in an employment discrimination action, Tex. Lab. Code Ann. § 21.256 (West 2006), is not jurisdictional. *USAA*, 307 S.W.3d at 310. But the court did not address whether the 180-day deadline imposed by § 21.202 is not jurisdictional. Since *USAA* was decided, Texas courts of appeals have continued to hold that § 21.202 imposes a jurisdictional prerequisite to filing suit. *See, e.g., Forge v. Nueces County*, 350 S.W.3d 740, 746 (Tex. App. 2011, no pet.) (noting that timely filing of administrative complaint under § 21.202 is "mandatory and jurisdictional" prerequisite to filing suit); *Sw. Bell Tel., L.P. v. Edwards*, 2011 WL 3672288, at *6 (Tex. App. Aug. 23, 2011, no pet.) (mem. op.) (concluding that court lacked subject matter jurisdiction where plaintiff failed to file complaint with TWC); *Tex. Youth Comm'n v. Garza*, 2011 WL 2937431, at *3 n.1 (Tex. App. July 21, 2011, no pet.) (mem. op.) (joining three other Texas courts of appeals in holding that, even after *USAA*, "jurisdiction is still implicated by the plaintiff's compliance or non-compliance with section 21.201" (collecting cases)); *Lueck v. State*, 325 S.W.3d 752, 759-67 (Tex. App. 2010, pet. denied) (holding that "unless and until the supreme court departs from its view in *Schroeder* that the [TCHRA] requires exhaustion of remedies, we will continue to treat the 180-day filing requirement as 'mandatory and jurisdictional'" (citations and some internal quotation marks omitted)).

App. Feb. 17, 2011, no pet.) (mem. op.) (citing *City of Waco v. Lopez*, 259 S.W.3d 147, 154

(Tex. 2008); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App. 2007, no pet.)).

Because § 21.202(a) is "mandatory and jurisdictional," the burden of establishing compliance

with the statute is on Adams as the plaintiff.  *See, e.g., Sanchez v. Kennedy*, 202 S.W.3d 857,

859 (Tex. App. 2006, no pet.) ("The plaintiff has the burden to allege facts affirmatively

demonstrating that the trial court has subject-matter jurisdiction." (citing *Tex. Ass'n of Bus.*

*v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993))).[11]

> In order to comply with this exhaustion requirement, an
> employee must: (1) file a complaint with the [TWC] within 180
> days of the alleged discriminatory act; (2) allow the [TWC] to
> dismiss the complaint or resolve the complaint within 180 days
> before filing suit; and (3) file suit no later than two years after
> the complaint is filed.

*Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092, at *2 (Tex. App. Aug. 31,

2005, no pet.) (unpublished opinion); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex.

App. 2002, no pet.).  A complaint filed with the EEOC—the federal agency responsible for

administering Title VII and ADEA claims—and forwarded by the EEOC to the TWC

satisfies the filing requirements of the TCHRA.  *See Price v. Phila. Am. Life Ins. Co.*, 934

S.W.2d 771, 773-74 (Tex. App. 1996, no writ).  "[E]xhaustion occurs when the complainant

files a timely charge with the commission and waits 181 days to file suit."  *City of Houston*,

63 S.W.3d at 922.

---

[11]In other words, unlike the affirmative defense of limitations, discussed above,
concerning Adams' claims under the ADEA and Title VII as to which CHISD has the burden
of proof, Adams has the burden of establishing the timeliness of his claim under the TCHRA.

- 10 -

C

As discussed above, Adams alleges that he was terminated on June 4, 2012. He filed his charge with the TWC (and EEOC) on April 12, 2013, more than 180 days after being terminated. Assuming *arguendo* that CHISD's failure to consider Adams for a lieutenant position constituted a discrete act of discrimination, that event occurred on June 10, 2012, which was also outside the 180-day limitations period. In his response, Adams neither disputes these facts nor attempts to show that he satisfies an exception to the 180-day limitations period. His conclusory assertion that his pursuit of an internal grievance tolled the limitations period—without citing legal authority and without distinguishing the 180-day limitations period under the TCHRA from the 300-day limitations period under the ADEA and Title VII—is insufficient. Adams has therefore failed to carry his burden of establishing that the court has subject matter jurisdiction over his TCHRA claims.

Accordingly, the court dismisses Adam's TCHRA claims for lack of subject matter jurisdiction.

V

The court now turns to Adams' claims for mental abuse (count 5) and defamation (count 6).

A

CHISD argues that it, as a governmental unit, is entitled to sovereign immunity from

Adams' claims for mental abuse (if it is a cognizable claim at all)[12] and defamation because these claims are intentional torts that fall outside Texas' narrow exceptions to sovereign immunity for school districts.  Adams responds that CHISD is not immune from suit on either claim, but he does not otherwise address CHISD's arguments concerning immunity.

B

"An independent school district is an agency of the state and, while exercising governmental functions, is not answerable in a suit sounding in tort because of sovereign immunity."  *Hill v. Fort Bend Indep. Sch. Dist.*, 275 F.3d 42, 42 (5th Cir. 2001) (per curiam) (citing *Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978)).  "Although the Texas Tort Claims Act waives sovereign immunity under certain circumstances, the waiver of immunity for school districts is limited to claims arising from accidents involving the use of motor-driven vehicles."  *Id.* (citing *LeLeauax v. Hamshire Fannet Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992)); *see also Umoren v. Plano Indep. Sch. Dist.*, 457 Fed. Appx. 422, 425 (5th Cir. 2012) (per curiam); Tex. Civ. Prac. & Rem. Code Ann. § 101.051 (West 2011) ("Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district.").

---

[12]CHISD argues that mental abuse is not a cognizable claim under Texas law and that, at best, the allegations in Adams' complaint allege a claim for intentional infliction of emotional abuse.

C

CHISD has established that Adams' tort claims are not exempted from sovereign immunity under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101 *et seq.* Adams' complaint alleges employment discrimination and is devoid of any reference to motor vehicles.  He has not demonstrated any basis to hold that such immunity does not apply.  CHISD is therefore entitled to dismissal of the state-law tort claims against it.[13]  *See Jackson v. Dall. Indep. Sch. Dist.*, 1998 WL 386158, at *4 (N.D. Tex. July 2, 1998) (Fitzwater, J.) (dismissing state-law claims for defamation, libel, slander, and intentional infliction of emotional distress based on sovereign immunity).

VI

The court now considers Adams' claim for wrongful termination (count 7).

A

CHISD contends in its motion that, "[t]o the extent, if any, Plaintiff attempts to bring a claim for wrongful termination under state law, Texas law does not recognize a separate common law cause of action for wrongful termination." D. Mot. 18. So far as the court can determine, Adams' complaint does not allege an independent claim for wrongful termination under Texas common law.  The complaint alleges that CHISD's discriminatory and retaliatory conduct "violated the rights of Plaintiff as protected by the Age Discrimination

---

[13]Because the court holds that CHISD is immune from Adams' state-law tort claims, it need not reach CHISD's alternative arguments concerning the statute of limitations and failure to state a claim on which relief can be granted.

in Employment Act (ADEA), Fair Labor Standards Act (FLSA), Title VII, Chapter 21 of the Texas Labor Code and other similar statutes."  Compl. ¶ 211.  As discussed above, Adams' claims under the ADEA, Title VII, and the TCHRA are barred based on their untimeliness. *See supra* §§ III-IV.  The remaining basis for Adams' wrongful termination claim is the FLSA.[14]

The court raises *sua sponte* that Adams' claim for "wrongful termination" under the FLSA fails as a matter of law because the FLSA does not create a cause of action for wrongful termination separate and apart from its anti-retaliation provision.  The FLSA includes an anti-retaliation provision, which is one of the bases for count 4 of the complaint—Adams' retaliation claim.  *See* 29 U.S.C. § 215(a)(3); Compl. ¶¶ 150-59.  But the FLSA does not create a separate cause of action for wrongful termination.  *See* 29 U.S.C. § 201 *et seq.*  Because the court is allowing Adams to replead, *see infra* § VIII, the procedure employed here is fair and is therefore permissible.  *See, e.g., Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting plaintiffs leave to replead).[15]

---

[14]Although the complaint includes the language of "and other similar statutes," Adams does not mention this language in his response and therefore cannot rely on it as an independent basis to support his wrongful termination claim.

[15]Should Adams elect to replead, he may replead his claim for retaliation, but he may not replead a separate claim for wrongful termination under the FLSA because no such claim

VII

CHISD also moves to dismiss Adams' FLSA claims to the extent he seeks compensatory damages for non-pecuniary losses and punitive damages.  CHISD maintains that the FLSA does not allow for these types of damages because the ADEA does not allow for them and the Fifth Circuit has interpreted the FLSA consistently with the ADEA.  Adams does not address this argument in his response.

The relevant provision of the FLSA is 29 U.S.C. § 216(b), which provides, in pertinent part:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).  The issue is whether the phrase "such legal or equitable relief" includes damages for non-pecuniary losses, such as emotional distress,[16] or punitive damages when

---

is cognizable.

[16]Adams alleges in his complaint that, "[a]s a result of Defendants' discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses."  Compl. ¶ 227.  The complaint also avers that "Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages."  *Id.* at ¶ 228.  Although these assertions are made in support of Adams' wrongful termination count, he incorporates them by reference under his retaliation count.  *See id.* at ¶ 150.

the plaintiff brings a retaliation claim under 29 U.S.C. § 215(a)(3).[17]  The Fifth Circuit has not squarely addressed either question.

Some circuit courts have held that a plaintiff can recover damages for emotional and mental distress under the FLSA.  *See Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir. 2004); *Travis v. Gary Cmty. Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir. 1990); *see also Broadus v. O.K. Indus., Inc.*, 238 F.3d 990, 992 (8th Cir. 2001) (affirming damages for emotional distress without directly addressing issue); *Lambert v. Ackerley*, 180 F.3d 997, 1011 (9th Cir. 1999) (same).  At least one district court in this circuit has taken the opposite view, reasoning that the Fifth Circuit has repeatedly interpreted the FLSA and the ADEA as consistent with one another,[18] and noting that the Fifth Circuit has squarely held that emotional distress damages are not recoverable under the ADEA.  *See Douglas v. Mission Chevrolet*, 757 F.Supp.2d 637, 639-40 (W.D. Tex. 2010) (referring to *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977) (holding that damages for emotional pain and suffering are not

---

[17]It is clear, however, that punitive damages are not available under the FLSA for plaintiffs who assert claims only for unpaid regular or overtime wages.  *See* 29 U.S.C. § 216(b); *see also, e.g., Burns v. Blackhawk Mgmt. Corp.*, 494 F.Supp.2d 427, 436 n.5 (S.D. Miss. 2007) ("From this, it follows that plaintiff's claim for punitive damages must be dismissed as well, for while punitive damages may or may not be available in this circuit under the FLSA's anti-retaliation provisions, they are not available to a plaintiff who asserts only an unpaid overtime claim.").

[18]*See Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) ("Because the remedies available under the ADEA and the [Family and Medical Leave Act] both track the FLSA, cases interpreting remedies under the statutes should be consistent."); *Johnson v. Martin*, 473 F.3d 220, 222 (5th Cir. 2006) (per curiam) ("The FLSA and ADEA have the same remedies provisions, so this ADEA precedent applies in the present case.").

- 16 -

recoverable under the ADEA)).

The circuit courts are divided on the issue whether the FLSA allows for the recovery of punitive damages. *Compare Travis*, 921 F.2d at 111-12, *with Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933-35 (11th Cir. 2000). The Fifth Circuit has yet to address the issue, but the same district court in this circuit has held that punitive damages are not available under the FLSA because they are not available under the ADEA. *See Douglas*, 757 F.Supp.2d at 640 (referring to *Dean*, 559 F.2d at 1038) (holding that punitive damages are not recoverable under the ADEA).

Although the Fifth Circuit has not squarely addressed the issue, because it has interpreted the FLSA and the ADEA consistently, and because Adams has not responded to CHISD's motion in this respect, the court holds that Adams cannot recover non-pecuniary losses and punitive damages under the FLSA. If during the progress of this litigation Adams can demonstrate, or the court otherwise determines, that such relief is available, it can reconsider this decision.

VIII

Although the court is granting CHISD's motion to dismiss, it will permit Adams to replead certain claims. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan*

- 17 -

*Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Adams expressly requests leave to replead if the court dismisses any of his claims.

Although in repleading his claims under Title VII, the ADEA, and the TCHRA Adams may seek to avoid the limitations defense and satisfy the jurisdictional prerequisite, he may amend in this respect only as to the issue of tolling.  He may not, for example, remove the dates included in the face of the complaint.  Adams' age discrimination claim under Title VII, his wrongful termination claim under the FLSA, and his tort claims under state law are dismissed without leave to replead because the defects are incurable.

The court grants Adams 30 days from the date this memorandum opinion and order is filed to file an amended complaint.[19]  If he repleads, CHISD may move anew to dismiss, if it has a basis to do so.

---

[19]The court notes that Adams' complaint relies excessively on incorporation by reference.  In the first paragraph under each count, Adams states: "Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 246 as if fully stated therein." *See, e.g.,* Compl. ¶ 79.  The complaint contains 246 paragraphs, so Adams has, in effect, attempted to incorporate *all* of the allegations in the complaint by reference into each individual count.  Courts and commentators have noted the problems with this approach to pleading.  *See, e.g., Perez v. Radioshack Corp.*, 2002 WL 1335158, at *2 (S.D. Fla. Apr. 23, 2002); 5A Charles A. Wright, et al., *Federal Practice & Procedure* § 1326, at 428 (West 2004) ("Excessive incorporation by reference can be problematic.  When a party indiscriminately incorporates assertions from one count to another . . . by incorporating all facts . . . from all previous counts into each successive count, it can result in an unnecessarily long and confusing pleading . . ., and it can prevent the opposing party from reasonably being able to prepare a response[.]").  If Adams files an amended complaint, he must not rely excessively on incorporation by reference, particularly if doing so hinders the court's ability to analyze whether he has plausibly pleaded a claim on which relief can be granted.

- 18 -

\*   \*   \*

For the reasons explained, the court grants defendant's partial motion to dismiss and grants plaintiff leave to replead certain claims.

**SO ORDERED.**

January 8, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE